FILED
FEB 14 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROY LEE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI ULBRICHT,<br><br>Defendant. | Cause No. CV 12-00199-M-DLC<br><br>ORDER |

Plaintiff Roy Smith filed a proposed Complaint seeking a declaratory judgment that his pleas of nolo contendere for the offenses of disorderly conduct, obstructing an officer, and resisting arrest on June 6, 2008, were given without the aid of his appointed counsel. Smith seeks an order declaring these convictions were thus obtained in violation of his constitutional rights and an injunction under 42 U.S.C. §1983 purging these convictions. United States Magistrate Judge Jeremiah C. Lynch screened Smith's complaint under 28 U.S.C. §§ 1915 and 1915A. He entered Findings and Recommendations on December 12, 2012, recommending that the Complaint be dismissed without prejudice for failure to state a claim. Judge Lynch also recommended that, pursuant to F. R. App. P. 24(a)(3)(A), the docket should reflect that any appeal of this decision would not be taken in good faith. Smith timely filed objections and is therefore entitled to de

1

novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1).

Smith insists that Judge Lynch inappropriately concluded that his Complaint was barred by the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994) (§ 1983 action precluded if it would render a criminal conviction invalid where the conviction has not been reversed, expunged or called into question by issuance of writ of habeas corpus). Smith challenges Judge Lynch's conclusion on the narrow grounds that he does not meet the "in custody" requirement of 28 U.S.C. § 2254, and that he consequently cannot pursue a habeas corpus action. (Doc. 6 at 2.) Since he claims he cannot pursue a habeas action, Smith contends that he should be able to maintain a § 1983 suit pursuant to the limited exception to the *Heck* doctrine described in the concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1, 19–24 (1998) (Souter, J., concurring) (Stevens, J., dissenting). In essence, Smith suggests that an individual not "in custody" for purposes of the habeas statute may always proceed under a section 1983 action. Accordingly, Smith argues *Heck's* bar does not apply and his Complaint should not be dismissed. The Court disagrees.

At the outset, the Court notes that, as stated by the majority in *Heck*, the *Heck* bar does not have an "in custody" component; it generally applies when a § 1983 action would render a sentence *or* conviction invalid. *Heck*, 512 U.S. at 486.

2

However, in *Spencer*, the four concurring justices and one dissenting justice recognized that, in limited circumstances, *Heck* may not bar a § 1983 action when an individual cannot proceed under a habeas action because he is no longer "in custody". *Spencer*, 523 U.S. at 18–21 (Souter, J., concurring) (Stevens, J., dissenting). Relying on Justice Souter's concurring opinion in *Spencer*, this exception was expressly adopted by the Ninth Circuit in *Nonnette v. Small*, 316 F.3d 872, 875–877 (9th Cir. 2002).

In *Nonnette*, the Ninth Circuit recognized in a § 1983 action challenging the revocation of good time credits that *Heck* should not preclude Nonnette's claim because he could not maintain a habeas action since he was no longer incarcerated. *Id.* Central to the *Nonnette* court's decision was the fact that Nonnette had timely and diligently pursued appropriate relief from prior convictions. *Id.* at 877 n. 6. *Nonnette's* exception to *Heck* is to be narrowly construed, as evidenced by the court's emphasis that it "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters." *Id.* at 877 n. 7.

*Nonnette's* exception was clarified in *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2003). Guerrero was convicted on narcotics charges and served his sentence. *Id.* at 702. After he was released, he filed a § 1983 action challenging, among other things, the validity of his convictions. *Id.* After distinguishing *Nonnette*, the Court held that *Heck* barred Guerrero's § 1983 claims, reasoning:

3

Guerrero never challenged his convictions by any means prior to filing this lawsuit. Nearly three years passed from his last encounter with the LAPD before he took any action at all. His failure timely to achieve habeas relief is self-imposed. Thus, as in *Cunningham,* though habeas relief for Guerrero may be "impossible as a matter of law," we decline to extend the relaxation of *Heck's* requirements. Guerrero cannot now use his "failure timely to pursue habeas remedies" as a shield against the implications of *Heck.*

*Id.*

Smith's situation resembles *Guerrero* far more closely than *Nonnette.* Unlike *Nonnette*, Smith has not timely and diligently sought appropriate relief from his prior convictions. According to his Complaint, Smith's first attempt to challenge his June 6, 2008 conviction was April 9, 2012. Smith did not apply for habeas relief and his failure to timely do so was self-imposed. Thus, though habeas relief for Smith may be "impossible as a matter of law," he is not entitled to the relaxation of *Heck's* bar. Accordingly, Smith's objection that *Heck* does not bar his complaint because he cannot pursue a habeas action since he is not "in custody" is overruled.

It is clear that *"Heck* precludes a section 1983 claim based on actions which would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (quoting *Heck,* 512 U.S. at 486–487). Regarding the convictions Smith challenges in his complaint, he seeks to "expunge and effectively purge any evidence an arrest ever took place or

4

conviction entered." (Complaint, doc. 2 at 1.) Thus, Smith plainly seeks to "render [his] conviction or sentence invalid," and his complaint is squarely barred by *Heck*. As Smith's objection to the application of the *Heck* doctrine was limited to the "in custody" argument, and as this argument has been rejected, the Court will adopt Judge Lynch's recommendation that Smith's Complaint be dismissed for failure to state a claim upon which relief may be granted.

The Court also notes that, assuming Smith could otherwise proceed on his § 1983 claim, the statute of limitations clearly bars his claim. The statute of limitations governing a § 1983 claim is provided by the state's statute of limitations for personal-injury actions, which is three years in Montana. *Wallace v. Kato*, 549, U.S. 384, 387 (2007); Mont. Code Ann. § 27–2–204(1). The convictions that Smith seeks to purge were entered on June 6, 2008. Smith filed this action on December 6, 2012, after the statute of limitations had expired.

There being no clear error in Judge Lynch's remaining findings and recommendations, IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 4) are ADOPTED in full.

2. Plaintiff's Complaint (doc. 2) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 14th day of February 2013.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court